UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 04-cv-198-HRW

MICHAEL J. ARTHUR                                               PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant that he was no longer eligible for supplemental security income ("SSI"). The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for SSI as a minor child on August 1, 1986 (Tr. 13). By a decision dated May 26, 1994, Plaintiff was found to be disabled due to severe bronchial asthma (Tr. 44-47). In June of 2001, the Social Security

Administration notified Plaintiff that a review of his medical records showed that his condition had improved and that he was, thus, no longer considered to be disabled (Tr. 52). Plaintiff requested reconsideration of that decision, which was denied on August 22, 2002 (Tr. 74). Upon Plaintiff's request, on July 8, 2004, an administrative hearing was conducted by Administrative Law Judge David S. Antrobus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr.23-36). At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified (Tr. 36-38).

At the hearing, pursuant to 20 C.F.R. § 416.994, the ALJ performed the following eight-step sequential analysis in order to determine whether Plaintiff's disability continued:

Step 1: Is the claimant engaging in substantial gainful activity?

Step 2: If the claimant is not performing substantial gainful activity, does he have an impairment(s) that meets or equals the severity of an impairment listed in Appendix 1 of the regulations?

Step 3: If not, has there been medical improvement in claimant's condition since the last favorable determination?

Step 4: If there has been medical improvement, is it related to the ability to work?

Step 5: If there has not been medical improvement or of the medical improvement is not related to the ability to work, do any exceptions to the medical improvement standard apply?

2

>Step 6: If there has been medical improvement related to the ability to work, or if one of the exceptions applies, does the claimant have a severe impairment or combination of impairments?
>
>Step 7: Can the claimant perform his/her past relevant work?
>
>Step 8: Can the claimant do any other work?

On January 25, 2004, the ALJ issued his decision finding that Plaintiff had medically improved and was, thus, no longer disabled as of June 1, 2001(Tr. 13-19). At Step One of the sequential analysis, the ALJ determined that although Plaintiff had not engaged in some limited self-employment, it was not substantial gainful activity (Tr. 15). The ALJ then found, at Step Two, that Plaintiff's current impairments either alone or in combination did not meet or medically equal the criteria of any listed impairments (Tr. 15, 339). At Step Three, the ALJ found that the Plaintiff's condition had medically improved since he was found to be disabled in 1994 (Tr. 15). With regard to the relationship between the medical improvement and Plaintiff's ability to work, the ALJ determined that the change in his condition increased Plaintiff's residual functional capacity ("RFC"), thereby increasing or broadening his ability to work. At Step Six, the ALJ found that Plaintiff suffers from asthma and allergies and that those are considered to be severe per the relevant regulations (Tr. 16). As the Plaintiff has no qualifying past

3

relevant work, the ALJ proceeded to Step Eight and found that based upon the record, there were, indeed, jobs which the Plaintiff could perform despite his severe impairments so long as the work did not require exposure to environmental pollutants or temperature extremes (Tr. 18). Finally, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of work, such as file clerk, office machine operator and general office clerk and that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19). Accordingly, the ALJ concluded that Plaintiff's disability ceased in June 2001 (Tr. 19).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 24, 2004 (Tr. 3-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 8 and 9] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such

4

relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.   Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because he did not give proper weight to the opinion of the treating physician.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques,

5

and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Although Plaintiff's brief is somewhat unclear as to which treating source he refers, the Court assumes that it is the opinion of Dr. Sangeeta Patil upon which Plaintiff relies. In a letter dated May 14, 2002, Dr. Patil noted that Plaintiff had frequent asthma exacerbations which would prevent him from working (Tr. 295). The Court finds that the ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where there is medical proof that Plaintiff retains the RFC to perform substantial gainful activity. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). For example, Dr. Timothy Hart, another **treating** source, concluded that Plaintiff could perform an indoor job away from heat an environmental allergens (Tr. 269). This opinion is consistent with the findings of the consultative physicians (Tr. 240-242 and 342) and is reflected in the ALJ's RFC.

Based upon the foregoing, the Court finds that the ALJ properly evaluated the opinions from Plaintiff's medical sources, and articulated an adequate rationale

6

for his residual functional capacity determination. Furthermore, the Court finds that the ALJ's finding that Plaintiff is no longer disabled it supported by substantial evidence on the record.

As for Plaintiff's contention that he must be found disabled because if he loses his disability status, he will no longer be able to afford medical care and, as a result, his disabling impairment will return, the Court finds it to be without merit. This argument is based upon pure speculation. The ALJ correctly determined that the Plaintiff is capable of working. It is axiomatic that if the Plaintiff is capable of working, he is not entitled to SSI. As the Defendant notes, should the Plaintiff's condition deteriorate, for any reason, the appropriate remedy would be to fil a new application for SSI benefits, alleging a new period of disability.

## III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 17th day of June, 2005.

_____
Henry R. Wilhoit, Jr., Senior Judge

7